IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| EDWARD EARL BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 7:13-CV-124-O |
| | § | |
| LOUIS C. LOOMIS, JR., et al., | § | |
| | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION

This matter was referred to the undersigned Magistrate Judge pursuant to the District Court's Order of Reference (ECF 17) for a hearing, if necessary, and findings of fact, conclusions of law, and recommendation for disposition. Plaintiff, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 42 U.S.C. § 1983 seeking relief against forty-five named corrections officers including the administrative segregation kitchen supervisors and staff and some pod officers he claims were all involved in contaminating his food with laxatives, bacteria and venereal germs and destroying 99% of his incoming and outgoing mail.

The initial assessment of plaintiff's alleged facts must be weighted in plaintiff's favor, i.e., the court must accept as true the facts alleged by plaintiff unless they rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, *supra* at 32. Weighing in plaintiff's favor also means indulging all reasonable inferences in plaintiff's behalf. See, *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir.1991). Therefore, if plaintiff's alleged facts are not clearly baseless and, if proven, would support a recognized legal theory of recovery, the plaintiff must be given an opportunity to commence the action.

In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Supreme Court held that "a complaint,

containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." Section 1915(e) also empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)(speaking of former section 1915(d), since revised); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir.1992). A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. *Perry v. Tex. Dep't of Crim. Justice,* 275 Fed. Appx.277 (5th Cir. 2008) citing *Denton, supra.* The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990); *See also Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world).

Plaintiff's original complaint alleged concerted actions forty-five (45) named corrections officers to contaminate plaintiff's food on his food trays with "laxatives, bacteria, venereal germs" which he claimed were "provided by the prison nurse." Those allegations were sketchy and conclusory. After granting the Plaintiff leave to proceed *in forma pauperis*, the District Court directed Petitioner to file a More Definite Statement to clarify and supplement factually the sketchy, conclusory claims of his original complaint. (ECF 6). But by his More Definite Statement (ECF 9), Brown not only simply reiterated his global food contamination claims but expanded the period of the contamination activities through its date of filing and elaborated on the effects of the alleged contamination as causing "nausea, vomiting, migraine headaches, weight loss, hunger pains, memory loss (mild/low), speech to stammer, malnutrition and my bladder to twitch in rejection for hrs."[1] To this he also added new claims: (1) a threat of sexual assault and death by hanging before

---

[1] ECF 9, p.4.

cameras are installed in the administrative segregation section[2] where he was housed[3] and (2) the falsification of his mental health records to include a "delusional disorder" entry.[4] These latter two claims are unexhausted and therefore barred from consideration by this court. I find that Plaintiff's allegations regarding the contamination of his food and the destruction of his mail are conclusory at best and are wholly delusional and incapable of belief.

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), I recommend to the District Court that Plaintiff's complaint be DISMISSED WITH PREJUDICE as factually frivolous. This dismissal should count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

<u>Standard Instruction to Litigants</u>

A copy of this report containing findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection

---

[2] An activity apparently going on in the administrative segregation building at the time Plaintiff was drafting his More Definite Statement.

[3] ECF 9, p. 5.

[4] *Id*. p. 8.

[5] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 25th day of November, 2015.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE