**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **EDWARD EARL BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. 7:13-CV-124-O** |
| | § | |
| **LOUIS C. LOOMIS, JR.,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files, and records in this case, of the

Report and Recommendation of the United States Magistrate Judge (ECF No. 19), and of Plaintiff's

objections thereto (ECF No. 22), I am of the opinion that the fact findings and conclusions of law

set forth in the Report and Recommendation of the Magistrate Judge are correct and they are hereby

adopted and incorporated by reference as the findings of the Court.

The Court further finds that Plaintiff's claims, raised in response to the Court's order

directing him to file a more definite statement, that Defendants plan to have him sexually assaulted

by male officers and murdered in a manner that appears to be suicide (ECF No. 9 at 5-6), are

conclusory in nature and without any factual support. Conclusory allegations and legal conclusions

masquerading as factual allegations are insufficient to state a cognizable claim when a plaintiff is

directed by a court to state the factual basis of his claims. *See Fernandez-Montes v. Allied Pilots

Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave

v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory

allegations are insufficient to maintain a claim under § 1983). Plaintiff's subjective belief that

Defendants are planning to sexually assault and kill him is insufficient to maintain a civil rights action.

Additionally, the Court finds that Plaintiff's claim that a psychiatrist falsified his medical records by indicating that Plaintiff suffers from a delusional disorder (ECF No. 9 at 8) fails to state a claim on which relief may be granted.  This claim represents nothing more than a disagreement with the diagnosis of the psychiatrist.  Such a disagreement is not actionable under the Civil Rights Act.  *Estelle v. Gamble*, 429 U.S. 97, 107-08 (1976); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

For the foregoing reasons, this action is **DISMISSED** with prejudice pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state claim on which relief may be granted.

**SO ORDERED** this **12th day** of **January, 2016**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**